UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AHNAF RAHMAN, *on behalf of himself and all others similarly situated,*

PLAINTIFF,

v.

CORNELL UNIVERSITY,

DEFENDANT.

Case No.  3:20-CV-0592 (DNH/ML)

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiff, Ahnaf Rahman ("Plaintiff"), by and through his undersigned counsel, bring this class action against Defendant, Cornell University (the "University" or "Defendant"), and allege as follows based upon information and belief, except as to the allegations specifically pertaining to him, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend Cornell University for an in person, hands-on education for the Spring 2020 semester and had their course work moved to online learning. Such persons paid all or part of the tuition for this semester that ranged, for full-time students, from approximately $10,400 to $35,970; housing and dining fees of, on average, approximately $7,898 (if they lived in University housing), and mandatory fees for the semester including a Student Activity Fee of 137.00 for an ungraduate student and $42.00 for a graduate or professional student, and a Health Fee of $219.00 (collectively, "Mandatory Fees").  Cornell University has not refunded any amount of the tuition, housing and dining fees (for those who moved out of University housing after March

29, 2020), or any of the Mandatory Fees, even though it has suspended classes starting on March 13, 2020, and implemented online distance learning starting on April 6, 2020.

2.      On or about March 13, 2020, the University also stopped providing any of the services or facilities the Mandatory Fees were intended to cover because of the University's response to the Coronavirus Disease 2019 ("COVID-19") pandemic.

3.      The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 13, 2020 is a breach of the contracts between the University and Plaintiff and the members of the Class and is unjust.

4.      The University only provided prorated refunds to students for housing and dining who vacated their campus housing on or before March 29, 2020. Those students who did not move out of University housing until after March 29 should also be entitled to a prorated refund.

5.      In short, Plaintiff and the members of the Class have paid for tuition for a first-rate education and an on-campus, in-person educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which alternative constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

6.      As to Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which are simply not being provided; this failure also constitutes a breach of the contracts entered into by Plaintiff and the Class with the University. For its Summer 2020 session, which is being conducted online, the University will not charge any Health Fee.

7.      Plaintiff seeks, for himself and Class members, the University's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of time that remained in the Spring Semester 2020 when the University closed and switched to

online distance learning or, in the case of housing and dining, for any members of the Class that moved out of University housing after March 29, 2020, a prorated portion of the housing and dining fee for the days left in the semester after they moved out.

## PARTIES

8.  Plaintiff Ahnaf Rahman is a citizen of Arizona. He paid to attend the Spring 2020 semester at the University as a full-time biomedical engineering student. Plaintiff paid tuition for the Spring 2020 semester and the Mandatory Fees to enable him to obtain an in-person, on-campus educational experience and enable him to participate in the activities and to utilize the services covered by the Mandatory Fees that he paid. He has not been provided a pro-rated refund of the tuition for his in-person classes that were discontinued and moved online, or the Mandatory Fees he paid after the University's facilities were closed and events were cancelled.

9.  Defendant, Cornell University, is a private Ivy League research university in Ithaca, New York that was founded in 1865. The University offers numerous major fields for undergraduate students, as well as a number of graduate programs. Defendant's undergraduate and graduate programs include students from many, if not all, of the states in the country. Its principal campus is located in Ithaca, New York. Defendant is a citizen of New York.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

11. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## FACTUAL ALLEGATIONS.

13. Plaintiff and Class Members paid to attend Cornell University's Spring 2020 semester including tuition, housing and dining (if they lived on campus), and the Mandatory Fees.  The Spring 2020 semester at the University began on or about January 21, 2020.  The Spring 2020 semester is scheduled to end on or around May 23, 2020.

14. Tuition costs at the University for the Spring 2020 Semester ranged from $10,400 to $35,970 for a full-time student.

15. Plaintiff and the members of the Class paid tuition for the benefit of on-campus live interactive instruction and an on-campus educational experience throughout the entire Spring 2020 semester.

16. Housing and dining at Cornell University for the Spring 2020 semester cost, on average, approximately $7,898.  The members of the Class who lived on campus during the Spring 2020 semester paid the applicable cost for the benefit of on-campus housing and meals throughout the entire semester.

17. Plaintiff and the members of the Class paid the Mandatory fees for the Spring 2020 semester so they could benefit throughout the Spring 2020 semester as follows:

    a. from paying the Student Activity Fee,

- providing financial support to student organizations for their programming;

    b. from paying the Health Fee,

- to give students with private insurance plans the same pre-paid access to care at Cornell Health that Student Health Plan members have.

### *In Response to COVID-19, the University Closed Campus, Preventing Access to its Facilities, Services, Housing, and Dining, and Cancelled All In-Person Classes*

18. On March 5, 2020, the University announced that all nonessential events of 100 or more attendees were postponed or cancelled through April 15, 2020, but excluded on-campus events attended mostly by University attendees. On March 10, 2020, the University put further restrictions on gatherings by announcing that **all** nonessential events with 100 or more attendees must be postponed, cancelled or offered virtually.

19. On March 13, 2020, the University announced that it was suspending all classes for three weeks, closing the campus as of March 29, 2020, and transitioning to remote online courses for the remainder of the Spring 2020 Semester beginning April 6, 2020.

20. Specifically, on March 13, 2020, Cornell University President Martha E. Pollack issued a new university-wide letter that stated in pertinent part that:

> Effective at 5 p.m. today (March 13), we are suspending all classes on the Ithaca campus for three weeks. We are doing this for several reasons. First, as noted above, it accelerates social distancing. Second, travel may become more difficult in the coming days, and we want students to be able to get to their homes. And third, we recognize the significant stress that students are under currently, making classroom learning difficult.
>
> All undergraduate students and most professional students are strongly encouraged to return as soon as feasible to their permanent home residences; you must leave campus no later than March 29, unless you receive an exception to stay in on-campus housing.
>
> [. . .]
>
> Following this three-week pause, virtual instruction will begin for all classes on Monday, April 6.

21. The University has not held any in-person classes since March 13, 2020. All classes that have continued since April 6, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

22. Cornell University's website states that "[a]ll students without permission to remain in on-campus housing were required to depart by March 29. For students who have departed campus housing, a credit will be applied to their bursar account for their housing and dining contracts for the remainder of the semester." Specifically, it states that "[r]esidents of on-campus housing received a prorated emergency financial assistance credit, calculated from March 29 to the end of their housing contracts.''

23. On March 16, 2020, Vice President for Student and Campus Life, Ryan Lombardi, and Vice President and Chief Human Resources Officer, Mary Opperman, announced that starting on March 17, the University would be closing all indoor recreation, fitness and athletic facilities, will be limiting all campus dining and food facilities to take-out only, and prohibiting access to the University libraries.

24. Specifically, with regard to the services the Health Fee was intended to cover,

- Effective March 17, 2020, Students must call to schedule all services, including urgent in-person visits and routine phone/online services. In-person services will be limited to urgent care needs only. Routine medical and mental health services will be provided via phone or secure online portal. Walk-in services without an appointment will not be available.

25. Most of the services for which the Student Activity Fee were assessed were also terminated at or about this time, with only limited virtual events offered moving forward.

26. The University posted information regarding reimbursement of the Mandatory Fee's on its website:

    a. With regard to Student Activity Fees:

>> The Student Activity Fee, which is managed by the Student Assembly, will not be refunded. Many of the funds that were not already spent this year were generously donated to Cornell's Access Fund by the Student Assembly members. The Access Fund helped students return home and get necessary support for their virtual learning. Some student groups will be working to provide virtual programming and events, and we have also put together a page for virtual engagement opportunities.
>
> b. With regard to the Health Fee:
>
>> Refunds for the university's Student Health Plan (SHP) and Student Health Fee are not available, as they provide a critical safety net to ensure that all students, regardless of location, have access to quality and affordable healthcare during the COVID-19 pandemic. They also fund Cornell Health services, which now include telehealth medical and mental health services for students in the United States, as well as support and care management services wherever students reside. For more information, visit the Student Health Benefits website.

27. In tacit acknowledgement that not rebating a pro-rata portion of the Mandatory Fees was improper for the period when there were no on-campus activities and only distanced online learning, the University has decided not to collect a Health Fee for students enrolled in courses during Summer 2020 sessions.

### *The University's Online Courses Are Subpar to In-Person Instruction, For Which Plaintiff and the Class Members Contracted with the University to Receive by Paying Tuition and Fees*

28. Students attending the Cornell University's Spring 2020 semester did not choose to attend an online institution of higher learning, but instead chose to enroll in the University's in-person educational program.

29. On its website, the University markets the University's on-campus experience as a benefit of enrollment:

**Living and Learning on Campus**

Wondering where you'll live? Whether you move into one of our themed program house communities or into a traditional residence hall, you'll be in close proximity to community centers, dining halls, fitness and recreation facilities, and other resources.

All of Cornell's residence halls have live-in student and professional staff members who offer support and a wealth of social and educational programs to facilitate your transition to Cornell. They will help you learn about yourself and those around you, and will assist in building an inclusive community. Interested in being part of shaping this community from the beginning? Consider joining your community's Hall Council!

## Where to Live, Where to Eat

At Cornell, you'll have one of the best learning experiences — and one of the best living experiences, too. During your first days on campus, you'll meet more than 3,200 new students who bring a variety of cultures, experiences, and interests. You'll have the chance to explore your new "home" as you settle into one of our many campus residential communities, and also get your first taste of Cornell dining (ranked by Princeton Review as one of the top 10 among U.S. colleges and universities for best campus food).

### Housing

First-year students and second-year students are guaranteed campus housing.

### Dining

Cornell dining is known for its great variety and its great taste! It's a culinary experience rarely found on a college campus, and one you'll be able to share and enjoy with your fellow Cornellians every day. You'll find plenty of variety and convenience with nearly 30 dining locations across campus, including 10 All-You-Care-to-Eat dining rooms.

## Just for Fun at Cornell

There is so much to see and do at Cornell and in Ithaca. Enjoy the great outdoors and a musical performance, or hang out in Collegetown for the night with friends and classmates. Experience what Cornell has to offer beyond the classroom.

## Recreation and Sports

Whether it's cheering on the "Big Red" at a hockey or basketball game, scaling cliffs as part of Cornell's Outdoor Education program, or participating in an intramural dodgeball league, Cornell has plenty to offer on the sports and fitness front.

## Study Spots

When Cornell University first opened its doors, its library of about 18,000 volumes was temporarily housed in two rooms of Morrill Hall.

Now the Cornell University Library is one of the 10 largest academic research libraries in the U.S. and a great study spot for Cornell students. Cornell's graduating seniors consistently rank the Library as the No. 1 service on campus. See all that the library has to offer.

Cornell also has additional subject-specific libraries on campus for students' use, from the Physical Sciences Library to the Fine Arts Library. Here is a complete list.

30.     The online learning options being offered to the University's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was.  During the online portion of the Spring 2020 semester, the University principally used programs by which previously recorded lectures were posted online for students to view on their own, or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students and among students that is instrumental in interpersonal skill development.  Further, the online formats being used by Cornell University do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

31.     Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

32.     Access to facilities such as libraries, laboratories, computer labs, and study rooms, are also integral to a college education, and access to the myriad activities offered by campus life fosters social development and independence, and networking for future careers, all substantial and materials parts of the basis upon which the Cornell University can charge the tuition it charges, are not being provided.

33. The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the Spring 2020 semester for the period it moved to subpar online distance learning.

34. Nor has the University refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the Spring 2020 semester even though it closed or ceased operating the services and facilities for which the Mandatory Fees were intended to pay and even though the University has determined not to charge a portion of the Mandatory Fees for the Summer 2020 session because teaching will be conducted by off-campus online learning.

35. There are also members of the Class who were unable to leave the campus prior to March 29, 2020. These members of the Class should not be penalized by the University and are entitled to a pro-rata refund of housing and dining charges for the remaining days of the Spring 2020 semester after these students left.

36. Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fees they paid for the Spring 2020 semester and any students who were unable to leave the campus prior to March 29, 2020 should be entitled to a pro-rata refund of housing and dining charges that they paid or were paid on their behalf for the Spring 2020 semester for the remaining days of that semester after they left the campus.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as: All persons who paid tuition and/or the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020 semester at Cornell University but had their class(es) moved to online learning (the "Class").

38.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

39.     The requirements of Rule 23(a)(1) are satisfied. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, the University has reported that 15,043 undergraduate, 6,284 graduate students, and 2,700 professional students enrolled for the 2019-2020 school year. The names and addresses of all such students are known to the University and can be identified through the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

40.     The requirements of Rule 23(a)(2) are satisfied. There are questions of law and fact common to the members of the Class including, without limitation:

   a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the Spring 2020 semester;

   b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 13, 2020;

   c. Whether Defendant breached its contracts with Plaintiff and the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

      d. Whether Defendant breached its contracts with Plaintiff and members of the Class by requiring them to leave the University housing they had paid for by March 29 or forfeit any refund; and

      e. The amount of damages and other relief to be awarded to Plaintiff and the Class members.

41. The requirements of Rule 23(a)(3) are satisfied. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fees that they paid, that the University stopped providing in mid-March.

42. The requirements of Rule 23(a)(4) are satisfied. Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

43. Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation

would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

44. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

45. Plaintiff brings this claim individually and on behalf of the members of the Class.

46. By paying the University tuition and Mandatory Fees for the Spring 2020 semester, the University agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout the Spring 2020 semester.  As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

47. The University has breached its contract with Plaintiff and the Class by failing to provide the promised in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the Spring 2020 semester, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during the entire Spring 2020 semester.  Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

48. The University further cancelled one week of the scheduled Spring 2020 semester that Plaintiff and the Class had paid tuition to receive education during.

49. Plaintiff and the members of the Class have suffered damages as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and Mandatory Fees they each paid during the portion of time the Spring 2020 semester in which in-person classes were discontinued and facilities were closed by the University, as well as any unused housing and meal plans for those Class members who moved out on or after March 29, 2020.

50. The University should return such portions of the tuition, Mandatory Fees, and housing and meal plans to Plaintiff and each Class Member.

## SECOND CLAIM FOR RELIEF

### UNJUST ENRICHMENT
(On Behalf of Plaintiff and the Class)

51. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

52. Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief, to the extent it is determined that Plaintiff and the Class do not have an enforceable contract with the University regarding the relief requested herein.

53. Plaintiff and members of the Class conferred a benefit on the University in the form of tuition and Mandatory Fees paid for the Spring 2020 semester. The payment of this tuition and Mandatory Fees was to be in exchange for an in-person, on-campus educational experience to be provided to Plaintiff and the members of the Class throughout the Spring 2020 semester. Similarly, the payment of University housing and dining fees for the Spring 2020

semester conferred a benefit on the University that was intended to provide housing and dining for such students throughout the Spring 2020 semester.

54. The University has retained the full benefit of the tuition and Mandatory Fee payments by Plaintiff and the members of the Class for the Spring 2020 semester, yet has failed to provide the quality of education and services and facilities for which tuition and the Mandatory Fees were paid, including those for an in-person and on-campus live education, and access to the University's services and facilities.

55. The University has retained the full benefit of the housing and dining fees paid by those Class members who were unable to move out of University housing on or before March 29, 2020.

56. The University further retained the full benefit of the tuition payments by Plaintiff and the members of the Class for the Spring 2020 semester, yet failed to provide the entire semester of education – cancelling one week of the scheduled semester.

57. The University's retention of the portion of the tuition and Mandatory Fees during the period of time the University has been closed, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access to the services and facilities for which the Mandatory Fees were paid, is unjust and inequitable under the circumstances.  Similarly, the University's retention of the portion of the value of housing and dining fees following move outs by Class members after March 29, 2020 is also unjust and inequitable.

58. Accordingly, the University has been unjustly enriched in the amount of the prorated tuition and Mandatory Fees it retained during the portion of time the Spring 2020 semester in which in-person classes were discontinued and facilities were closed by the

University, as well as any unused housing and meal plans for those who were unable to move out of University housing by March 29, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order of restitution and all other forms of equitable monetary relief;

(e) Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(f) Awarding pre- and post-judgment interest on any amounts awarded; and,

(g) Awarding such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: May 21, 2020						Respectfully submitted,

*s/ Gary F. Lynch*
Gary F. Lynch
Edward W. Ciolko
**CARLSON LYNCH LLP**
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
P (412) 322-9243
F. (412) 231-0246
E. glynch@carlsonlynch.com
   eciolko@carlsonlynch.com
   kiverson@carlsonlynch.com

*Counsel for Plaintiff and Proposed Class*

*s/ John C. Cherundolo*
John C. Cherundolo
Bar Roll No.: 101339
**CHERUNDOLO LAW FIRM, PLLC**
AXA Tower I, 15th Floor
100 Madison Street
Syracuse, NY 13202
P: (315) 449-9500
F: (315) 449-9804
E: jcherundolo@cheurndololawfirm.com

*Co-Local Counsel for Plaintiff and Proposed Class*